UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR618-005 |
| | ) | |
| ANTHONY DENNINO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On July 2, 2018, the Court conducted a hearing to consider defendant's pretrial motions, including his motion to suppress statements he made to a federal investigator following his arrest. Doc. 20. Neither defendant nor the Government sought to introduce evidence on this issue, as both sides stipulated that the admissibility of defendant's statements could be assessed through an in-camera review of a video recording reflecting defendant's post-arrest interrogation. Now that the Court has had an opportunity to review that recording, it believes that further briefing is required from the parties.

While defendant's brief raised only a challenge to the voluntariness of his statements, doc. 20 at 2, at the hearing defendant asserted that the interrogating agent violated his rights under *Miranda v. Arizona*, 384

U.S. 436 (1966), by continuing to question him after he invoked his right to remain silent. The Government disagreed, suggesting that immediately after invoking his *Miranda* rights defendant elected to resume his conversation with the agent. This characterization of the events, the Court has learned, leaves out an important detail -- that after defendant *twice* invoked his right to remain silent the agent did not break off all communication but instead referenced the large amount of "stuff" found on defendant's cell phone and stated that he had turned that information over to the G.B.I. Only then did defendant make any additional statements.

*Miranda* held that once an accused invokes his right to remain silent "the interrogation must cease." 384 U.S. at 474. Any words or actions on the part of the police that "are reasonably likely to elicit an incriminating response from the suspect" constitute the "functional equivalent" of interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). Confronting a defendant with evidence of his guilt after he invokes his *Miranda* rights has been deemed, under certain circumstances, to be "interrogation" for *Miranda* purposes. *See, e.g., United States v. Ambrose*, 668 F.3d 943, 956 (7th Cir. 2012) (while "focus

of the meeting was on conveying information to Ambrose rather than any systematic questioning of him," it "nevertheless was an 'interrogation' for *Miranda* purposes," as interrogators "should have known that confronting Ambrose with evidence of his guilt was likely to elicit an incriminating response.").

Because the parties' initial briefs neglected to mention, much less elucidate, the exact nature of defendant's interrogation or any of the cases discussing this area of the law, the Court hereby **DIRECTS** counsel to submit additional briefs within 14 days addressing whether the interrogating agent violated *Miranda* by making comments reasonably likely to elicit further statements from a defendant who clearly and unequivocally had exercised his right to remain silent.

**SO ORDERED,** this 9th day of July, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA